IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA


| | |
|---|---|
| PATRICK NEIL LONDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ERIC J. HILL, individually and in | ) Case No. 11-CV-028-GKF-FHM |
| his official capacity; DAVID A. FOUST, | ) |
| individually, and in his official capacity; | ) |
| JOSEPH W. BEATY, individually, and | ) |
| in his official capacity; CITY OF TULSA, | ) |
| a Municipal Corporation, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the court is the defendant City of Tulsa's ("City") Motion to Dismiss Complaint [Dkt. #15] filed pursuant to Fed.R.Civ.P. 12(b)(6). This action arises from the January 12, 2009, arrest and subsequent detention of plaintiff Patrick Neil London ("London"). Plaintiff has asserted claims against the individual defendants and the City of Tulsa for violation of 42 U.S.C. § 1983 and state law claims against the City for negligence under the Oklahoma Governmental Tort Claims Act. Plaintiff seeks actual and exemplary damages against all parties.

The City has moved for dismissal of plaintiff's claims against it, and for claims against the individual defendants in their official capacity.

### I. Allegations of the Complaint

Plaintiff London is a U.S. citizen and resident of the State of Georgia. [Dkt. #2, Complaint, ¶1]. Defendants Eric J. Hill ("Hill"), David A. Foust ("Foust") and Joseph W. Beaty

("Beaty") are City of Tulsa policemen. [*Id.,* ¶¶2-4]. The Complaint alleges all three defendants were, at all relevant times, acting under color of state law. [*Id.*]. Plaintiff asserts the action arises under the Fourth and Fourteenth Amendments of the Constitution under the Civil Rights Act, 42 U.S.C. § 1983.

On January 12, 2009, plaintiff was stopped by defendants Hill and Foust for "rolling" through a stop sign and operating a vehicle with one working headlight. [*Id.,* ¶11]. Plaintiff alleges that during the course of this "pretext stop," Hill performed an illegal search and consequently arrested and charged plaintiff with Trafficking Illegal Drugs in violation of 63 O.S. § 2-415, Failure to Stop at a Stop Sign, in violation of 47 O.S. § 11-201, and Defective Vehicle, in violation of 47 O.S. § 13-101. [*Id.*]. Plaintiff alleges he was transported to Uniform Division North for a "more intense 'cavity' search of is person." [*Id.*]. Plaintiff alleges Hill and Foust, acting in their official capacity under color of state law, then engaged in a "cover-up" conspiracy with other officers in an attempt to "legalize" the arrest. [*Id.*].

On January 20, 2009, charges were filed against plaintiff by the Tulsa County District Attorney's office "based on upon perjured Affidavits and false information provided by Defendants." [*Id.,* ¶12]. On February 11, 2009, a Preliminary Hearing was held before Judge Cliff Smith. [*Id.,* ¶13]. Both Hill and Beaty testified. [*Id.*]. Plaintiff alleges during the course of their testimony, both officers "testified to materially false and/or inconsistent facts pertaining to the arrest and search." [*Id.*].

On June 15, 2009, and June 25, 2009, an evidentiary motions hearing seeking to quash and dismiss the state court criminal charges was held before Judge Gordon D. McAllister. [*Id.,* ¶14]. Plaintiff alleges Hill again "offered perjured testimony regarding the legal and constitutional basis for the search and arrest of Plaintiff" and "[i]n reliance on this perjured

2

testimony, the state court denied the motion to dismiss and Plaintiff continued to be detained in violation of his constitutional rights." [*Id.*].

On February 23, 1010, plaintiff filed a Motion to Quash, Suppress and Dismiss based on an illegal search. [*Id.,* ¶15]. On March 19, 2010, another evidentiary motions hearing was held before the Hon. Carlos Chappelle. [*Id.,* ¶16]. Plaintiff alleges, "During this hearing it became apparent to the state district court that the evidentiary factual basis asserted for the search subsequent to the arrest was patently false and fabricated and that the prior testimony provided by Defendant Hill, in previous evidentiary hearings, constituted perjury." [*Id.*].

Plaintiff alleges Hill, while acting in his official capacity under color of state law, offered perjured testimony at the preliminary hearing, falsified his TRACIS report, and again perjured himself during a motion hearing, about the reasons for plaintiff's search and arrest. [*Id.,* ¶17]. He asserts that because he was stopped for misdemeanor violations of state and municipal traffic ordinances, he should have been issued a ticket and released, but was instead searched illegally and arrested. [*Id.,* ¶¶18-19]. Further, he alleges the officers conspired and lied about the reasons for the search and arrest. [*Id.,* ¶19].

On March 19, 2010, Judge Chappelle, after hearing argument by counsel, stated:

> The phone records were never provided, which makes it clear in this case the officer did in fact lie about when they discovered that warrants—outstanding warrants were in effect…they couldn't arrest him pursuant to the statutes cited…for the defective vehicle, tail lights. So the only thing they could arrest him for were outstanding warrants…I'm going to sustain the defendant's motions at this time. Order the case be dismissed.

[*Id.,* ¶20]. The judge ordered plaintiff immediately released "after he had his constitutional right deprived and spent the previous 435 days of his life wrongfully incarcerated." [*Id.,* ¶20.

In Count I of his Complaint, plaintiff asserts a claim against defendant police officers in their individual and official capacities pursuant to 42 U.S.C. § 1983 for violation of his Fourth

3

Amendment right against unlawful arrest and detention and violation of City of Tulsa and Tulsa Police Department policies, rules and regulations. [¶¶22-24]. He seeks actual and punitive damages. [*Id.,* ¶¶25-26].

In Count II, plaintiff asserts a § 1983 claim against the City of Tulsa, alleging the City "has established a policy practice, pattern and/or custom of allowing its police officers to deprive citizens of their constitutional rights," and "[a]lternatively, policy makers for the City of Tulsa, through willful blindness, caused a policy practice, pattern and/or custom of allowing its police officers to deprive citizens of their constitutional rights." [*Id.,* ¶28]. The complaint contains a four-page list of 52 incidents of alleged constitutional violations between 2005 to 2010 by City of Tulsa police officers Jeff Henderson, William Yelton, John Gray, Harold Wells, Callison Kaiser, Eric Hill and Nick Debruin, during the investigation and prosecution of criminal cases. The list includes alleged violations of citizens' Fourth Amendment rights against unreasonable searches and seizures, suborning perjury, false testimony in court hearings and deprivation of due process rights. [*Id.,* ¶29]. Plaintiff asserts:

> This extensive pattern and practice, within the City of Tulsa Police Department when viewed in its totality and compared with reasonably accepted standards of conduct, must be characterized as exhibiting deliberate indifference to the constitutional rights of Plaintiff, intending to cause and deprive him of the civil liberties granted to him under the United States Constitution.

[*Id.,* ¶30]. Plaintiff alleges the conduct of the City has deprived him of his Fourth Amendment right against unreasonable search and seizure, and he seeks actual and exemplary damages. [*Id.,* ¶¶31-32].

In Count III, plaintiff, pursuant to 51 O.S. § 150, seeks the statutory actual damage maximum of $175,000.00 against the City of Tulsa for the alleged negligence of its employees. [*Id.,* ¶¶33-36].

In Count IV, plaintiff also seeks, pursuant to 51 O.S. §150, the statutory actual damage maximum of $175,000.00 against the City for the alleged negligent establishment of (or alternatively, negligent failure to enforce) policies, practices and customs concerning the proper lawful basis to effectuate an arrest when dealing with its citizens, and negligent failure to instruct, supervise, control and/or discipline the defendant officers in the performance of their duties to refrain from unlawfully arresting plaintiff. [*Id.,* ¶¶37-40].

## II. Applicable Legal Standard

The City moves for dismissal of the Complaint pursuant to Fed.R.Civ.P. 12(b)(6), asserting plaintiff's complaint fails to state a claim upon which relief can be granted against the City under 42 U.S.C. § 1983 or the Oklahoma Government Tort Claims Act, 51 O.S. § 151 *et seq*.

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court clarified this standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), ruling that to withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal quotations omitted). On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

Under the *Twombly* standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008), quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247, citing *Twombly*, 127 S.Ct. at 1965 (internal quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.

Although the new *Twombly* standard is "less than pellucid," the Tenth Circuit Court of Appeals has interpreted it as a middle ground between "heightened fact pleading," which is expressly rejected, and complaints that are no more than "labels and conclusions," which courts should not allow. *Robbins*, 519 F.3d at 1247, citing *Twombly*, 127 S.Ct. at 1964, 1965, 1974. Accepting the allegations as true, they must establish that the plaintiff plausibly, and not just speculatively, has a claim for relief. *Robbins*, 519 F.3d at 1247. "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id*. at 1248. The Tenth Circuit Court of Appeals instructed in *Robbins* that "the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context. . . .[and] the type of case." *Id*. (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 231-32 (3d Cir. 2008)). A simple negligence action may require significantly less allegations to state a claim under Rule 8 than a case alleging anti-trust violations (as in *Twombly*) or constitutional violations (as in *Robbins*). *Id*.

## III. Analysis

### A. Count I (Official Capacity Claims Against Officers)

In Count I, plaintiff asserts a § 1983 claim against the officers in both their individual and official capacities. The City of Tulsa seeks dismissal of the claims against the officers in their official capacities.

Claims against a government official in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985) (citing *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690, n. 55 (1978). Thus, "[t]here is no longer a need to bring official-capacity actions against local government officials, for under *Monell, supra,* local government units can be sued directly for damages and injunctive or declaratory relief." *Id.* at 167, n. 14 (citation omitted).

In cases where a local governmental entity is sued along with an official of that entity in his or her official capacity, the official capacity claims are subsumed within the claims against the government entity and, therefore, the official capacity claims against individual defendants are properly dismissed as redundant. *See Lewis v. Sacramento County,* 98 F.3d 434, 446 (9th Cir. 1996) (citing *Monell,* 436 U.S. at 690 n. 55 and *Kentucky v. Graham,* 473 U.S. at 165, 167 n. 14).

Because plaintiff has sued the City of Tulsa, his official capacity claims against the individual officers are redundant and should be dismissed.

### B. Count II (Section 1983 Claim Against City of Tulsa)

The City of Tulsa contends plaintiff's Section 1983 claim against it must be dismissed because (1) although plaintiff alleges a violation of his Fourteenth Amendment rights, he has

alleged no facts supporting the allegation; (2) plaintiff's conclusory allegation that the City is liable under Section 1983 for policies, practices and customs of the City of Tulsa that deprived him of his constitutional rights fails to meet the *Twombly* pleading standard and the City cannot be held liable for alleged violations of Section 1983 under a theory of *respondeat superior*; and (3) plaintiff is precluded from seeking exemplary damages against the City under § 1983.[1]

### 1. Fourteenth Amendment Claim

In ¶6 of his Complaint, plaintiff states that the action arises under the Fourth and Fourteenth Amendments. The Complaint contains factual allegations supporting plaintiff's claim of a Fourth Amendment violation. However, it contains no factual allegations supporting a claim for a Fourteenth Amendment violation. Therefore, to the extent the Complaint asserts a Fourteenth Amendment violation, the claim is dismissed.

### 2. Fourth Amendment Claim

In *Dodds v. Richardson,* 614 F.3d 1185(10th Cir. 1910), the Tenth Circuit explained the requisites for establishing municipal liability in a Section 1983 action:

> Since *Monell,* the Supreme Court has "consistently refused to hold municipalities liable under a theory of *respondeat superior*" but nonetheless has imposed liability upon municipalities when the enforcement of their policies or customs by their employees causes a deprivation of a person's federally protected rights. *Brown,* 520 U.S. at 403, 117 S.Ct. 1382. Therefore, the Court "requires[s] a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Id.* "That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a *direct causal link* between the municipal action and the deprivation of federal rights." *Id.* at 404, 117 S.Ct. 1382 (emphasis added). *Monell* and its progeny clearly stand for the proposition that the very

---

[1] Plaintiff concedes § 1983 does not permit recovery of exemplary or punitive damages. *See also, City of Newport v. Fact Concerts, Inc.* 433 U.S. 247, 271 (1981); *Butcher v. City of McAlester,* 956 F.2d 973, 976 n. 1 (10th Cir. 1992). Additionally, any claim for exemplary damages against the officers in their official capacity is barred because the claim is the functional equivalent of a claim against the City.

language of § 1983 provides for the imposition of liability where there exists an "affirmative" or "direct causal" link between a municipal person's adoption or implementation of a policy and a deprivation of federally protected rights, and that imposing liability upon such a basis does not implicate *respondeat superior.*

*Id.* at 1202.

Plaintiff's Complaint alleges the City of Tulsa "has established a policy practice, pattern and/or custom of allowing its policy officers to deprive citizens of their constitutional rights," and "[a]lternatively, policy makers for the City of Tulsa, through willful blindness, caused a policy practice, pattern and/or custom of allowing its police officers to deprive citizens of their constitutional rights." [Dkt. #2, Complaint, ¶28].

To establish a case against the municipality based on custom, a plaintiff must prove:

(1) The existence of a continuing, persistent and widespread practice of unconstitutional misconduct by the municipality's employees;

(2) Deliberate indifference to or tacit approval of such misconduct by the municipality's policy-making officials after notice to the officials of the particular misconduct; and

(3) That the plaintiff was injured by virtue of the unconstitutional acts pursuant to the municipality's custom and the custom was the moving force behind the unconstitutional acts.

*Gates v. Unified School Dist. No. 449,* 996 F.2d 1035, 1041 (10th Cir. 1993).

The Complaint lists 52 instances of conduct by seven Tulsa police officers (only one of whom is a defendant in this action) which, plaintiff contends, deprived citizens of their constitutional rights. The list of alleged violations is conclusory in nature and appears to have been lifted from the July 19, 2010, criminal indictment [Dkt. #2] in *United States of America v. Jeff M. Henderson and William A. Yelton* Case No. 10-CR-117-BDB, United States Northern District of Oklahoma. The recitation of *alleged* violations by Henderson and Yelton does not, by itself, establish a "pattern and practice" on the part of the City of permitting officers to violate

9

citizens' constitutional rights, and it wholly fails to establish the "direct causal link" between the purported practice and plaintiff's alleged harm required by *Monell* and *Dodds*.

Moreover, the listing of allegations contained in the indictment of July 19, 2010, does nothing to establish the City had "notice" of the alleged custom at the time of plaintiff's January 12, 2009, arrest. The Complaint contains no factual allegations identifying which City of Tulsa "policy makers" were responsible for the alleged practice of "willful blindness" to officers' violations of citizens' constitutional rights; what they knew about the alleged practice; or how or when they learned of it.

Plaintiff has failed to meet his burden to frame a complaint with enough factual matter (taken as true) to suggest that he is entitled to relief against the City under § 1983. *See Twombly,* 127 S. Ct. at 1965, and *Robbins,* 519 F.3d at 1247.

### C. Count III (GTCA Claim for "Negligence" of Police Officers)

In Count III, plaintiff asserts a claim against the City for the "above described negligence [sic] acts" of the police officers pursuant to the Oklahoma Governmental Tort Claims Act ("GTCA"), 51 O.S. § 151 *et seq.* [Dkt. #2, Complaint, ¶33]. However, the factual allegations of the Complaint belie plaintiff's conclusory characterization of the officers' conduct as "negligence." Plaintiff has alleged the officers illegally arrested him, "engage[d] in a cover-up conspiracy in an attempt to 'legalize' the arrest," committed perjury and falsified reports. [*Id.*, ¶¶11, 13-17]. Plaintiff further asserts the officers' conduct was "willful, wanton, malicious, shocking to the conscience and tended to induce lawlessness, terrorize, and cause harm." [*Id.,* ¶25].

Under the GTCA, a state or political subdivision is liable for loss resulting from its torts or torts of its employees acting within the scope of their employment "subject to the limitations

10

and exceptions specified in this act." 51 O.S. § 153(A). The state or political subdivision is *not* liable, however, for acts or omissions of an employee acting outside the scope of his employment. *Id.*

The GTCA defines "scope of employment" to mean "performance of an employee *acting in good faith* within the duties of the employee's office or employment or of tasks lawfully assigned by a competent authority …" 51 O.S. § 152(11) (emphasis added). These provisions, taken together, "immunize a governmental entity falling under the GTCA when, in order to prevail on the particular tort claim sued upon, a plaintiff is **required, as a matter of law,** to show conduct on the part of a governmental employee that would mandate a determination the employee **was not** acting in good faith." *Fehring v. State Insurance Fund,* 19 P.3d 276, 283 (2001) (emphasis in original) (citing *Parker v. City of Midwest City,* 850 P.2d 1065 (Okla. 1993)). Thus, "when, for viability, the tort cause of action sued upon requires proof of an element that necessarily excludes good faith conduct on the part of governmental employees, there can be no liability against the governmental entity in a GTCA-based suit." *Id.* (citing *DeCorte v. Robinson,* 969 P.2d 358, 362 (1998).

The tortious conduct described by the complaint (engaging in a cover-up conspiracy, falsifying reports, lying and perjury) requires bad faith on the part of the officers. Therefore, the City of Tulsa cannot be held liable for the officers' alleged conduct under the GTCA.

**D. Count IV GTCA Claim (Negligent Establishment/Failure to Enforce Policy)**

Plaintiff asserts a claim against the City of Tulsa for "negligent establishment (or alternatively, negligent failure to enforce) of a policy, practice, and custom within the City of Tulsa Police Department to omit and/or failure to establish or provide adequate training and supervision regarding the proper lawful basis to effectuate an arrest when dealing with its

11

citizens," negligent failure to enforce policies pertaining to the proper lawful basis to effectuate an arrest and, "through its policy-makers" negligent failure to instruct, supervise, control and/or discipline the defendant officers. [Dkt. #2, Complaint, ¶39].

The City contends it is immune from suit under exemptions listed in 51 O.S. § 155, which provides in pertinent part:

> The state or a political subdivision shall not be liable if a loss or claim results from:
>
> *   *   *
>
> 4. Adoption or enforcement of or failure to adopt or enforce a law, whether valid or invalid, including, but not limited to, any statute, charter provision, ordinance, resolution, rule, regulation or written policy;
>
> 5. Performance of or the failure to exercise or perform any act or service which is in the discretion of the state or political subdivision or its employees.

51 O.S. § 155(4) and (5).

Neither party has cited, nor has the court found, any Oklahoma case that directly answers the question of whether plaintiff's claim for negligent establishment of policy, supervision or training is precluded by the exemptions listed in 51 O.S. § 155. However, in *Oklahoma Department of Public Safety v. Gurich,* 238 P.3d 1 (Okla. 2010), the Oklahoma Supreme Court—addressing the issue of whether the exemptions listed in § 155 preclude suits against the state for actions of its officers while engaged in a police pursuit—stated:

> The State and its political subdivisions enjoy immunity for the choice to adopt or enforce a law, the formulation of law enforcement policy, and the method by which policy is implemented.

*Id.* at ¶11. The court concludes, based on *Gurich*, that 51 O.S. § 155 provides the City of Tulsa immunity from liability for plaintiff's state-law claim for negligent establishment or enforcement of policies, supervision or training.

## IV. Conclusion

For the foregoing reasons, the City of Tulsa's Motion to Dismiss is granted. The sole claim remaining in this case is Count I against the police officer defendants in their individual capacities.

ENTERED this 17th day of February, 2012.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma